# Boyle Ice Company, Appellee, v. California Ice Company, Appellant.

## Gen. No. 20,318.

1. APPEAL AND ERROR, § 1836*—*duty to follow opinion on remand.* An instruction in a second trial of a cause, as the result of a remand, which ignores the opinion of the Appellate Court, granting the new trial, construing the contract sued upon, and laying down rules to control the new trial, *held* error, for the reason that expediency, if not a rule of law, requires that such rules be held to be the law of the case whenever it may come up, either at *nisi prius* or in the Appellate Court notwithstanding arguments in favor of reconsidering the rules laid down.

2. SALES, § 326*—*what evidence admissible.* In an action on a contract for the sale of ice, where plaintiff could not recover the full contract price of ice owned prior to the expiration of the contract, and which it continued to own after that time, evidence is competent as to the amount of such ice, if any, and the difference, if any, between its market value and its contract value.

3. APPEAL AND ERROR, § 1837*—*when question is for jury under opinion of Appellate Court on remand.* Where the Appellate Court, in an opinion granting a new trial in an action for the sale of ice, rules that defendant has the right to show whether the ice was merchantable before, at or after a named time, a peremptory instruction *held* erroneous, for the reason that a question of fact for the jury is involved.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Appeal from the Municipal Court of Chicago; the Hon. Charles A. Williams, Judge, presiding. Heard in this court at the March term, 1914. Reversed and remanded. Opinion filed October 5, 1915.

Miller, Gorham & Wales, for appellant.

McArdle & McArdle, for appellee.

Mr. Presiding Justice McSurely delivered the opinion of the court.

This is the second time this case has been before this court. Upon the prior appeal the judgment for plaintiff was reversed and the cause remanded for another trial. A full statement of the issues and facts and the opinion by Branch B of this court appear in volume 160 Ill. App., page 130. In that opinion the court undertook to construe the contract which is the basis of the suit and to state rules which should control the second trial. Upon the second trial the court instructed the jury to find for the plaintiff and judgment was accordingly entered. Defendant, now appealing, says that in so doing the trial court disregarded the opinion of the Appellate Court, and this seems to be true, whatever opinion we might have as to the correctness of the trial court's rulings if this appeal were the first. Plaintiff argues, among other things that the prior judgment of this court "is still open for reconsideration here," and we are requested "to reconsider and set it aside." As to this, we adopt as expressing aptly our views what was said in the opinion in *Wilson v. Carlinville Nat. Bank*, 87 Ill. App. 364:

"The previous opinion filed in this cause is of binding authority herein, and however much disposed we might be to reconsider the reasons of the court for its decision expressed in that opinion, we have no right to do so. Such a practice would produce judicial chaos."

On motives of expediency, even were it not a rule of law, rules laid down by one Appellate Court in a

case should be held as the law for that case at any subsequent time it may come up, either in the *nisi prius* or Appellate Court, notwithstanding plausible or even convincing arguments made against them.

The record on the second trial is essentially the same as on the first trial. In the opinion above referred to, the Appellate Court said that "the plaintiff could not recover the full contract price of the ice which it owned prior to and continued to own after the expiration of the time fixed in the contract." This makes competent evidence as to such amount of ice, if any, and calls for evidence as to the difference, if any, between the market value of such ice on December 1, 1907, and the contract value. The Appellate Court also ruled that defendant was entitled to show whether or not the ice was merchantable before, at and after December 1, 1907, and that plaintiff could recover damages only for a failure to take merchantable ice. This involves a question of fact upon which the jury should be allowed to pass without the interposition of the court.

The peremptory instruction by the court was erroneous, and the judgment is reversed and the cause remanded for another trial, to be controlled by the rulings of this court in its former opinion and which we have restated.

*Reversed and remanded.*